UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:15-CR-86-FL

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| REGINALD ANDRE MOLETTE ) | |
| ) | |

This matter comes now before the Court upon motion of the United States of America, by and through the United States Attorney for the Eastern District of North Carolina, to be relieved from its obligations under the plea agreement with the defendant and to strike the plea agreement [D.E. 48].

The government asserts that the defendant materially breached the terms of the plea agreement by (1) violating his pretrial release conditions by engaging in new criminal conduct, (2) failing to comply with the rules, terms, and conditions of the STAR Court program, and (3) failing to complete the STAR Court program. According to the government's motion, the new criminal conduct consists of the defendant's unlawful possession and sale of oxycodone pills to a confidential informant in Onslow County on December 16, 2016, which, in turn, resulted in the defendant's subsequent termination from the STAR Court program.

The Court has examined the terms of the plea agreement [D.E. 40], which was entered into by the parties on December 13, 2016, and pursuant to which the defendant pleaded guilty to a Superseding Criminal Information on January 11, 2017. The plea agreement obligates the defendant, in relevant part, to "abide by any conditions of release pending sentencing" [¶2(g)] and to "abide by all rules, terms, and conditions of the STAR Court program . . . and to successfully complete the program as directed." [¶2(h)]. The defendant entered into the plea agreement knowingly and with the advice of counsel.

Based on the information proffered by the government in its motion, the Court finds by a preponderance of evidence that the defendant materially breached the plea agreement. The Court's concludes that the defendant's alleged criminal conduct while on pretrial release (a fact not known to the government until well after the defendant's plea hearing), and the defendant's related failure to complete the STAR Court program violate the plea agreement's express terms, specifically, paragraphs 2(g) and 2(h).

Therefore, for good cause shown, the Court hereby GRANTS the government's motion. It is hereby ORDERED that:

(1) The government is relieved from its obligations under the plea agreement; and

2

(2) The plea agreement is stricken from the record in this case.

It is further ORDERED that the defendant's arraignment on the charges in the Indictment shall be conducted during the term of court

SO ORDERED.

This the 14th day of June, 2017.

HONORABLE LOUISE W. FLANAGAN
United States District Judge